[Cite as *Morris v. Ohio Dept.. of Transp.*, 2010-Ohio-3147.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL P. MORRIS

     Plaintiff

     v.

OHIO DIVISION OF TRANSPORTATION

     Defendant

     Case No. 2009-08501-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Michael P. Morris, filed this action contending his company car, a 2010 Chevrolet Malibu was damaged on September 25, 2009 as a proximate cause of negligence on the part of defendant, Department of Transportation (ODOT), in maintaining State Route 608 in an area where roadway construction activity was being conducted. Specifically, plaintiff explained the vehicle was damaged when the front facia shield on the car struck a transition area on the roadway where a section of pavement that had been milled met an area where existing pavement remained intact. Plaintiff described this roadway transition area as "a very pronounced lip" and observed that when the front end of the car contacted with the transition the impact pushed the facia shield into the vehicle's air conditioning condenser damaging both parts. Plaintiff located the damage-causing incident at "southbound on Route 608 [a]t the junction of Lake (County) and Geauga (County) just before Radcliff Road." Plaintiff recalled there were no construction workers present at the time of the property damage event (approximately 10:00 p.m. on Friday, September 25, 2009) and he was "driving below the posted speed limit due to the darkness, the construction, and the deer in the area."

Plaintiff filed this complaint seeking to recover damages in the amount of $816.85, the cost of automotive repair expense he incurred as a result of the described incident. Plaintiff advised the 2010 Chevrolet Malibu is owned by his employer, Tim Lally Chevrolet, Inc., but he is responsible for property damage to the vehicle "up to $1,000.00." The $25.00 filing fee was paid.

{¶ 2} Defendant acknowledged that the stated area where plaintiff's described damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant explained the particular project "dealt with grading, draining, planning and resurfacing with asphalt concrete on SR 608 in Lake County." From plaintiff's description of the damage event, defendant located the incident "close to milepost 0.0 which is the beginning of this project in Lake County." Defendant asserted Kokosing, by contractual agreement, was responsible for any roadway damage, occurrences, or mishaps within the construction zone. Therefore, ODOT argued that Kokosing is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such

burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Kokosing had any knowledge "of any problems with uneven pavement on this project" prior to plaintiff's damage occurrence. Defendant related ODOT "records (copies submitted) indicate that no calls or complaints were received at the Lake County Garage for SR 608 regarding uneven pavement prior to Plaintiff Morris' incident." Defendant advised the specific portion of State Route 608 has an average daily traffic of over 3000, yet no complaints were received concerning uneven pavement problems before September 25, 2009. Defendant did not provide any evidence to establish when the pavement on State Route 608 was initially milled in preparation for repaving. Evidence submitted shows the contract between ODOT and Kokosing was finalized on August 10, 2009. Therefore, the trier of fact shall infer State Route 608 was milled at sometime between August 10, 2009 and September 25, 2009. Defendant contended plaintiff failed to produce evidence establishing the damage to the 2010 Chevrolet Malibu was attributable to conduct on either the part of ODOT or Kokosing.

{¶ 6} Defendant submitted a copy of an e-mail from Kokosing Claims Specialists, Pamela LeBlanc, in response to plaintiff's allegations of a hazardous

roadway condition created on State Route 608 from the milled pavement. LeBlanc noted that she spoke with Kokosing Project Superintendent, Lee Schloss who informed her "Bump" signage was installed at the area of State Route 608 where the milled roadway transitioned to existing pavement. LeBlanc also noted that Schloss reported a butt joint of 1 1/4" was placed at the transition site to provide for safe travel and ODOT did not designate any maintenance of traffic for the specific roadway area. LeBlanc insisted "[s]afe travel through this work zone was provided and appropriate signage was in place." Furthermore, in reference to the purported incident site defendant submitted a copy of an e-mail from ODOT Project Engineer, Neal Moscato, who advised "[t]he butt joint in that area was 1 and ½ inches deep." Moscato also provided with his correspondence a "Standard Construction Drawing B P 3.1" (copy submitted) used as a standard for installation of butt joints on milled roadway surfaces to merge milled pavement with existing pavement. Defendant maintained the ODOT specifications depicted in the drawing were utilized by Kokosing upon milling State Route 608. Moscato expressed the opinion that he could not comprehend any vehicle "of legal clearance or roadworthiness getting damaged by that exposure" at the roadway transition site where the butt joint was installed. Defendant did not provide evidence to show the specific date the butt joint was installed at milepost 0.00 on State Route 608 in Lake County.

{¶ 7} Plaintiff filed a response asserting that the butt joint referenced in the Moscato and LeBlanc e-mails was not installed until after his September 25, 2009 property damage event. Plaintiff related "[s]everal days after the incident (but before I filed any type of claim) the bump in the road was amended with an asphalt filler to reduce the amount of the lip." Plaintiff questioned "[i]f the butt joint was within guidelines, then why was the asphalt added?" Plaintiff again contended the 2010 Chevrolet Malibu was damaged as a proximate cause of negligence in failing to provide for safe transition travel on the roadway from a milled area to existing intact pavement.

{¶ 8} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to the vehicle was directly caused by construction activity of ODOT's contractor prior to September 25, 2009. No evidence was provided to show ODOT inspected the roadway area after milling operations were completed. No evidence was submitted to establish when the roadway surface near milepost 0.00 on State Route 608 was initially milled prior to September 25, 2009 or that if a butt joint of any height was installed at the time milling was completed.

{¶ 9} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 10} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Plaintiff has provided sufficient evidence to prove a known hazardous condition existed on the roadway after ODOT specified operations were completed and neither ODOT nor its agents timely corrected the condition. See *Mullins v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2008-11371-AD, 2009-Ohio-5110.

{¶ 11} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing condition are persuasive. Consequently, defendant is liable to plaintiff for the damages claimed, $816.85, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL P. MORRIS

    Plaintiff

    v.

OHIO DIVISION OF TRANSPORTATION

    Defendant

    Case No. 2009-08501-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of plaintiff in the amount of $841.85, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael P. Morris
9905 Tudor Pl.
Chardon, Ohio  44024

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
2/25
Filed 3/5/10
Sent to S.C. reporter 7/1/10